M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of debt brought by Wash against Poster on two judgments recovered against their testator. There is a count on each judgment. Both are alike, and both judgments are alike. We will therefore consider the two as only one. The declaration alledges that the plaintiff recovered his debt of $1,000, damages $32 19, and his costs.
The judgment does not show how much the costs are. The declaration then avers the costs amounted to a large sum of money, to wit, to the sum of $13 90, which costs were adjudged to him. The declaration then concludes with a pi-out patet per recordum. The plea is rml tiel record. On the trial the plaintiff offered in evidence a record showing the amount of the debt and damages, and the costs, without showing the amount of the costs. Then came the certificate of the Clerk and the seal of the Court, and beyond and below the seal came a taxation of costs, amounting *148 to the sum averred in the declaration. The record was rejected on the ground of variance. This rejection is assigned for error. The plaintiff then offered the record in evidence for the recovery of the debt and damages without the costs. This was refused. This is also assigned for error. There is no doubt with us, that the Court did right in both cases.
It is argued by Messrs. Wilson and Clark for the plaintiff, that the Clerk, by law, is the proper officer to tax the costs, and that the Circuit Court would be bound to know the act of the Clerk, (though he were Clerk for another county as is the case here,) as well as if the act done, had been done by the Clerk where the trial was had. We think a complete answer was given to this by Messrs. Leonard and Wells, the defendant’s counsel, which answer is, that the declaration avers the costs amount* ed to $13 90, and that the record produced for the proof of this does not prove what is the amount of the costs. We think there is a variance. If this taxation of costs had been above the seal, or had preceded it, then it would he what the law calls sub pede sigilli and would have been right.
The second question is, ought the Court to have received the record in evidence, as to the debt and damages ? It is argued by counsel that the averment of the amoqnt of costs being laid under a videlicit, may be regarded as surplusage and may be stricken out, and yet a complete cause of action will remain as to the debt and damages. We think that rule does not apply in this case. The plaintiff might have declared for the debt and damages alone, and might have abandoned his costs; but he has not done so. He has vouched the record for the amount of the costs, and must produce a record coming up to his description. 'The rule is. not so strict when the instrument is not vouched by promt patet per recordum, but is used as new evidence. In that case considerable variances would not be deemed material. See 3 Starkie, 1603.
The judgment of the Circuit Court is affirmed with costs.